# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Judith Scrase,<br><br>             Plaintiff,<br><br>    v.<br><br>Richard and Edna Scrase,<br><br>             Defendants. | Case No. 2:22-cv-01207-JAD-DJA<br><br>**Order** |

This is an elder abuse case arising out of *pro se* Plaintiff Judith Scrase's assertion that her family members isolated her mother during the last years of her life. Plaintiff's complaint, however, has not yet passed screening. Plaintiff has moved for appointment of counsel, presumably to help her file an amended complaint. (ECF No. 6). However, because the Court finds that Plaintiff has not demonstrated exceptional circumstances at this stage, it denies the motion without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

In her complaint which the Court dismissed without prejudice, Plaintiff alleged that her mother was isolated in the last years of her life, apparently by Plaintiff's family members. (ECF No. 1-1). However, the Court found that the complaint did not provide sufficient detail, and thus denied it without prejudice. (ECF No. 4). In that order, the Court required Plaintiff to amend her complaint if she could correct the noted deficiencies. (*Id.* at 4). Plaintiff now moves for appointment of counsel. (ECF No. 6). She explains that she cannot adequately represent herself, cannot pay for an attorney, and has been unable to secure pro bono counsel or an attorney to work on contingency. (*Id.*).

**II.     Discussion.**

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn*, 789 at 1331.

In *Kern v. Henry*, the Honorable District Judge Richard F. Boulware appointed counsel to an inmate who asserted that HDSP violated his Eighth Amendment rights by imposing unconstitutional conditions of confinement. *See Kern*, 2017 U.S. Dist. LEXIS 62435, at *1-4. The court first found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial. *Id.* It then found that the inmate would have difficulty articulating his claim considering its complexity. *Id.* The court explained:

> Plaintiff's Eighth Amendment conditions of confinement claim will involve both nuances of the law as it relates to different aspects of confinement, e.g. exercise and hygiene, and trial preparation in relation to witnesses who are confined (or were confined) with Plaintiff. While Plaintiff has been able to sufficiently raise genuine issues of material fact for the one claim that is proceeding, this standard is different and less burdensome than what he will face at trial. The court finds that complexity of the relevant legal issues and requirements for trial preparation in this case warrant the appointment of counsel.

*Id.*

The Court denies Plaintiff's motion for appointment of counsel. Exceptional circumstances do not exist here, particularly at this stage. Unlike the inmate in *Kern* whose case had passed the summary judgment stage, Plaintiff's case has not yet passed screening. And while Plaintiff assets that she cannot adequately represent herself, she has successfully filed an application to proceed *in forma pauperis* and screening is a very low hurdle. Plaintiff has also

demonstrated an ability to keep up with her deadlines and articulate her requests through her motion. The same complexities that the inmate faced in *Kern*—the difficulties of representing himself at trial—are thus not yet present here. Additionally, because Plaintiff's case has not passed screening, and she has not filed an amended complaint, Plaintiff has not demonstrated the same potential of success as the inmate in *Kern*. While Plaintiff may be able to demonstrate exceptional circumstances if her case progresses towards trial, at this stage, she has not. The Court thus denies Plaintiff's motion to appoint counsel without prejudice, meaning that Plaintiff may re-file her motion in the future.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 6) is **denied without prejudice.**

DATED: September 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE