**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Judith Scrase, | Case No. 2:22-cv-01207-JAD-DJA |
| Plaintiff, | **Amended**<br>**Report and Recommendation** |
| v. | |
| Richard Alexander Scrase and Edna Patricia<br>Scrase, | |
| Defendants. | |

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. Upon screening her complaint under 28 U.S.C. § 1915(e), the Court recommended dismissal of her complaint with prejudice because her claims were all time barred. (ECF No. 10). Since the Court entered that recommendation, Plaintiff filed an objection explaining that she neglected to include facts related to tolling in her complaint. (ECF No. 11). She also filed an addendum regarding other circumstances that hindered her from filing her complaint within the applicable statutes of limitations. (ECF No. 12).

The assigned district judge—the Honorable District Judge Jennifer A. Dorsey—has referred Plaintiff's objection to the undersigned magistrate judge to incorporate into an amended report and recommendation. Because Plaintiff's objection and addendum show that Plaintiff could possibly amend her complaint to include facts demonstrating that the statute of limitations should be tolled such that her claims should pass screening, amendment is not futile. The Court thus amends its recommendation. The Court changes its recommendation that Plaintiff's complaint be dismissed with prejudice to a recommendation that Plaintiff's complaint be dismissed without prejudice and with leave to amend.

1  **I.    Background.**

2       ***A.    Plaintiff's complaint.***

3       The crux of Plaintiff's complaint is that her brother Richard Scrase and his wife Edna

4  Scrase[1] abused and financially manipulated Plaintiff's mother, Barbara Gibson-Poole, in the last

5  years of her life.  Plaintiff's complaint alleged three[2] claims: (1) fraud on the court; (2) elder

6  abuse; and (3) false imprisonment.  (ECF No. 8 at 24-25).  To support her fraud-on-the-court

7  claim, Plaintiff alleges that Richard and Edna purposefully arranged for Gibson-Poole to visit

8  them shortly before a family court hearing scheduled for February 25, 2016.  (*Id.* at 12-14).

9  Plaintiff alleges that, by having Gibson-Poole at their home when the hearing took place, Richard

10 and Edna prevented her from attending the hearing.  (*Id.*).  To support her elder abuse and false

11 imprisonment claim, Plaintiff alleges that Richard and Edna fraudulently obtained testamentary

12 and property-transfer documents favorable to them from Gibson-Poole in March of 2016 and on

13 August 8, 2016 and placed Gibson-Poole in an assisted living facility in September of 2017.  (*Id.*

14 at 18-19).  Richard and Edna allegedly isolated Gibson-Poole from her family until her death on

15 December 19, 2018.  (*Id.*).

16      ***B.    The initial recommendation.***

17      The Court initially recommended dismissal of each of Plaintiff's claims with prejudice

18 because each claim was time barred.  (ECF No. 10).  The Court found that Nevada's three-year

19 statute of limitations under NRS 11.190(3)(d) applied to Plaintiff's fraud-on-the-court claim.  (*Id.*

20 at 5-7).  But because Plaintiff alleged that she attended the February 25, 2016 hearing that

21 Richard and Edna allegedly prevented Gibson-Poole from attending, Plaintiff had notice of her

22 claim on the date of the hearing.  (*Id.*).  The Court thus found that the statute of limitations for

23 Plaintiff's fraud-on-the-court claim ran in 2019.  (*Id.*).

24

25 _____

   [1] For clarity, the Court refers to Richard Scrase and Edna Scrase by their first names.

26
   [2] Plaintiff's complaint identifies four claims, but the Court recommended dismissing Plaintiff's
27 "exploitation for financial gain" claim with prejudice because it was identical to her elder abuse
   claim and thus redundant.  (ECF No. 10 at 6).  Plaintiff's objection and addendum do not change
28 that recommendation.

1    The Court found that Nevada's three-year statute of limitations under NRS 11.190(3)(a)

2    applied to Plaintiff's elder abuse claim and that Nevada's two-year statute of limitations under

3    NRS 1.190(4)(c) applied to Plaintiff's false imprisonment claim. (*Id.*). But because the latest

4    date that Gibson-Poole could have experienced Richard and Edna's abuse or have been falsely

5    imprisoned by them was December 19, 2018, the Court found that statute of limitations ran for

6    Plaintiff's elder abuse claim in December of 2021 and for her false imprisonment claim in

7    December of 2020. (*Id.*). Because Plaintiff filed her initiating documents with the Court on July

8    27, 2022, the Court recommended that Plaintiff's claims be dismissed with prejudice because

9    amendment would be futile. (*Id.* at 7).

10    **C.    *Plaintiff's objection and addendum.***

11    After the Court entered its report and recommendation, Plaintiff filed an objection,

12    explaining that she had neglected to address tolling in her complaint. (ECF No. 11 at 1). She

13    explained that she was imprisoned from August 12, 2017[3] until August 1, 2018 and then on

14    parole until December 13, 2019. (*Id.*). During that time, she "was specifically ordered to have no

15    contact with [her] mother, Barbara B. Gibson-Poole, or involvement in her affairs." (*Id.* at 2).

16    Plaintiff thus asks for the statute of limitations to run from December 13, 2019, the day she was

17    released from her parole restrictions. (*Id.*).

18    Plaintiff then filed an addendum to her objection. (ECF No. 12). In it, she asks that the

19    Court consider other "unusual circumstances" that prevented her from bringing her case. (*Id.* at

20    1-2). Plaintiff explains that she was under investigation by the Attorney General's Office since

21    January 26, 2016. (*Id.* at 1-5). She adds that she sought out legal advice to bring her case

22    (although she does not explain when) but that her attorneys were either unable to help her or

23    referred her to the wrong court. (*Id.* at 4-5).

24

25

26    ───────────────
[3] Plaintiff's addendum provides that she was imprisoned beginning November 14, 2017. (ECF

27    No. 12 at 4). But because Plaintiff asks the Court to toll the statutes of limitations from the time
of her release from parole restrictions, which she lists consistently as December13, 2019, the

28    Court does not find this discrepancy to impact its amended recommendation.

1

## II.    Discussion.

2

### A.    Tolling.

3      When jurisdiction in federal court rests on the parties' diversity of citizenship, the court

4  will apply substantive state law, including state law regarding statutes of limitation and tolling.  *G*

5  *and G Productions LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018).  Nevada statutory law does

6  not toll the statute of limitations for incarcerated individuals.  Nev. Rev. Stat. 11.250(3).  It is also

7  unclear whether Nevada courts equitably toll statutes of limitations on the basis of incarceration.

8  *See Vonseydewitz v Las Vegas Metro. Police Dep't*, No. 82900, 2021 WL 4238760, at *2 (Nev.

9  Sept. 16, 2021) (unpublished disposition).  On the other hand, the Court has not found authority

10 that Nevada courts have determined the equitable tolling analysis totally inapplicable to

11 incarceration.

12     The Nevada Supreme Court has explained that "[t]he doctrine of equitable tolling is a

13 nonstatutory remedy that permits a court to suspend a limitations period and allow an otherwise

14 untimely action to proceed when justice requires it."  *Fausto v. Sanchez-Flores*, 137 Nev. 113,

15 115-16, 482 P.3d 677, 680 (2021).  "A statute of limitations…is primarily intended to prevent

16 surprises through the revival of claims that have been allowed to slumber until evidence has been

17 lost, memories have faded, and witnesses have disappeared."  *Id.* (internal citations and

18 quotations omitted).  Because the main purpose of a statute of limitations is to encourage the

19 plaintiff to pursue his rights diligently, when an extraordinary circumstance prevents him from

20 bringing a timely action, the restriction imposed by the statute of limitations does not further the

21 statute's purpose.  *Id.* (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014)).  Accordingly,

22 Nevada courts presume that equitable tolling applies if the period in question is a statute of

23 limitations and if tolling is consistent with the statute.  *Id.*

24

### B.    Fraud on the court.

25     The Nevada Supreme Court has concluded that fraud actions are tolled under NRS

26 11.190(3)(d) until the party bringing the claim "knew or had reason to know that its rights had

27 been violated."  *Metropolitan Water Dist. of Southern California v. State*, 99 Nev. 506, 510, 665

28 P.2d 262, 25 (1983) (citing *Shupe v. Ham*, 98 Nev. 61, 65, 639 P.2d 540, 542 (1982)).  However,

none of Plaintiff's allegations in her objection or addendum demonstrate that she was unaware

that Richard and Edna prevented Gibson-Poole from attending the February 25, 2016 hearing.

Plaintiff's complaint appears to allege that Plaintiff was present at that hearing and thus aware

that Gibson-Poole was not. (ECF No. 8 at 13-14). And even though Plaintiff alleges that the

Attorney General's Office was investigating her beginning on January 26, 2016, she does not

explain why that would have prevented her from bringing a civil action related to Richard and

Edna's allegedly fraudulent actions. As a result, the statute of limitations began running on

February 25, 2016, long before Plaintiff's incarceration. However, given Plaintiff's assertion that

she was under investigation during the hearing and the subsequent order that she refrain from

interfering with Gibson-Poole's affairs, the Court finds that Plaintiff could potentially amend her

complaint to allege facts that would support equitable tolling such that her complaint could pass

screening. The Court thus amends its recommendation and recommends that Plaintiff's fraud-on-

the-court claim be dismissed without prejudice.

### C.     Elder abuse.

Under NRS 11.190(3)(a), actions "upon a liability created by statute"—like an elder abuse

claim—must be brought within three years. The Nevada Supreme Court has not expressly

concluded that equitable tolling applies to the limitations period in NRS 11.190(3)(a). But it has

not foreclosed it either. *See U.S. Bank National Association v. 5316 Clover Blossom Ct. Trust*,

No. 75861-COA, 2019 WL 5260057, at *2 n.2 (Oct. 16, 2019) (unpublished disposition)

(rejecting a party's argument that the statute of limitations under NRS 11.190(3)(a) was equitably

tolled not because equitable tolling was entirely inapplicable, but because the party was

previously aware of its possible claim). Because Plaintiff could possibly amend her complaint to

allege facts sufficient to establish equitable tolling for this claim such that her complaint passes

screening, the Court amends its recommendation and recommends that Plaintiff's elder abuse

claim be dismissed without prejudice.[4]

---

[4] The Court confined its initial recommendation to the statutes of limitations applicable to each of Plaintiff's claims and did not address the issue of standing. Plaintiff is not purporting to bring this action on behalf of Gibson-Poole's estate. It is thus unclear whether Plaintiff can

### D.     *False imprisonment.*

NRS 11.190(4)(c) provides a two-year limitations period for an action for false imprisonment.  NRS 11.190(4)(c); *Wilson v. Las Vegas Metropolitan Police Dep't*, 498 P.3d 1278, 1281, 147 Nev. Adv. Op. 70 (Nev. Nov. 18, 2021).  The Nevada Supreme Court has employed the equitable tolling analysis when considering the two-year limitation in NRS 11.190(4)(c).  *See Wilson*, 498 P.3d at 1282.  Because Plaintiff could possibly amend her complaint to allege facts sufficient to establish equitable tolling for this claim such that her complaint passes screening, the Court amends its recommendation and recommends that Plaintiff's false imprisonment claim be dismissed without prejudice.

## REPORT & RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's amended complaint (ECF No. 8) be **dismissed without prejudice and with leave to amend.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's objection to the undersigned's previous report and recommendation (ECF No. 11) be **sustained.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

---

successfully amend her complaint to assert standing for either elder abuse or false imprisonment. This is because Plaintiff does not allege that she experienced the abuse or false imprisonment, but that Gibson-Poole did.  *See* Fed. R. Civ. P. 17(a)(1) (explaining that "[a]n action must be prosecuted in the name of the real party in interest" or in the name of an executor, administrator, guardian, bailee, trustee, party with whom or in whose name a contract has been made for another's benefit, or party authorized by statute); *see* Nev. R. Civ. P. 17(a)(1) (same); *see* Nev. Rev. Stat. 41.1395(1) (providing that "if an older person or a vulnerable person…suffers a loss of money or property caused by exploitation, the person who caused the…loss is liable *to the older person or vulnerable person*") (emphasis added).  Nonetheless, because Plaintiff could possibly amend her complaint to assert the standing necessary to bring these claims, the Court amends its recommendation to dismissal without prejudice.

1    been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

2    U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

3    (1) failure to file objections within the specified time and (2) failure to properly address and brief

4    the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

5    issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

6    *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

7

8         DATED: May 12, 2023

9                                                    _____

10                                                   DANIEL J. ALBREGTS
                                                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28