UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Judith Scrase, | Case No.: 2:22-cv-01207-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Motion to Alter or Amend** |
| Richard Alexander Scrase and Edna Scrase, | [ECF No. 63] |
| Defendants | |

Judith Scrase alleged that her brother Richard Scrase and his wife Edna Scrase abused and manipulated her elderly mother, Barbara Gibson-Poole, during the last years of her life, so she sued them for fraud on the court, elder abuse, exploitation, and false imprisonment. When Richard and Edna moved to dismiss Judith's suit, arguing that the applicable statutes of limitation bar Judith's claims,[1] Judith argued that those deadlines should be equitably tolled because she was incarcerated for a year and then ordered to stay away from her mother, delaying her ability to discover the basis for her claims.[2] Because I found that Judith's suit is time-barred even with equitable tolling, I granted the defendants' motion to dismiss and closed this case.

Relying on Nevada Rule of Civil Procedure (NRCP) 59(e), Judith moves to vacate that judgment, arguing that the court committed manifest error because tolling was required.[3] And if not, this court should at least permit her to amend her complaint to add facts to support equitable tolling.[4] Obviously, the Nevada Rules of Civil Procedure do not apply to this federal court's

---

[1] ECF No. 50.

[2] *See* generally ECF No. 52.

[3] ECF No. 63.

[4] *Id*. at 6.

entry of judgment in this case.[5] And because this case was terminated by the entry of a judgment,[6] this motion for relief from the dismissal order is governed by Rule 60 of the Federal Rules of Civil Procedure (FRCP), which allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding."[7] Such a motion can be based on FRCP 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect;" or FRCP 60(b)(6), which provides a catch-all basis for relief based on "extraordinary circumstances."[8] Regardless of which subdivision of the rule applies, a motion for relief from judgment "is not an avenue to re-litigate the same issues and arguments;"[9] a party seeking relief under FRCP 60(b) must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[10]

      Judith has not shown that she is entitled to relief from the dismissal of her case.[11] This court thoroughly considered her tolling arguments when granting the motion to dismiss,[12] and nothing that she argues now compels me to reach a different conclusion. And while Judith's request to allow her to amend her complaint to add more tolling-related facts is new, there is no

---

[5] The well-known *Erie* doctrine provides that "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

[6] ECF No. 61.

[7] Fed. R. Civ. P. 60(b).

[8] Fed. R. Civ. P. 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

[9] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[10] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[11] I would reach this same conclusion even if I were to apply instead NRCP 59(e) or FRCP 59(e) because the movant has not shown that the order and judgment should be vacated under any standard.

[12] *See* ECF No. 60 at 1–6.

reason that she could not have raised that request during the briefing on the motion to dismiss. And had she done so, it would not have changed the outcome.

IT IS THEREFORE ORDERED that the motion to alter or amend **[ECF No. 63] is DENIED.   This case remains closed.**

_____
U.S. District Judge Jennifer A. Dorsey
October 15, 2025

3